UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAIE ESCRIBANO,

                              Movant,

            -against-

UNITED STATES OF AMERICA,

                              Respondent.

22-CV-3010 (LTS)

16-CR-826-7 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Movant Zaie Escribano, who is currently incarcerated in the United States Penitentiary
Hazelton, in Bruceton Mills, West Virginia, filed a letter in which he challenges the legality of
his sentence entered in *United States v. Escribano*, No. 16-CR-0826-7 (S.D.N.Y. Nov. 2, 2018).
Escribano asks the Court to construe his letter as an unspecified motion.

As set forth below, the Court construes Escribano's letter as a motion under 28 U.S.C.
§ 2255 to vacate his conviction or sentence, grants Escribano 60 days leave to file an amended
Section 2255 motion, and directs him to state facts demonstrating that his motion is timely or
that the doctrine of equitable tolling should apply in this case.

## STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his
conviction or sentence on the grounds that it violates the Constitution or United States law, was
imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral
attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court
has the authority to review and deny a § 2255 motion before directing an answer "[i]f it plainly
appears from the motion, any attached exhibits, and the record of prior proceedings that the
moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see*

*Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Escribano seeks to challenge his November 2, 2018, judgment of conviction in which he pleaded guilty to possession of a firearm during a crime of violence. *See Escribano*, ECF 1:16-CV-0826, 230. The Court sentenced Escribano to 84 months' imprisonment to run consecutively to an undischarged term of imprisonment imposed in a criminal case from 2016, rendered in a Pennsylvania state court, followed by 5 years' supervised release. Escribano did not appeal his conviction.

On April 12, 2022, the Court received a letter from Escribano, dated April 3, 2022, which Escribano describes as a motion, and in which he alleges that his conviction under Section 924(c)(A)(1) for possession of a firearm during a crime of violence should be vacated "[d]ue to new rulings by the Supreme Court [which] found that a Hobbs Act Robbery Conspiracy is not a crime of violence." (ECF 1, at 1.) He argues that since his Section 924(c) conviction is "directly stemming from that conspiracy it has no merit to stand." (*Id.*) Escribano asks the Court to vacate his conviction and appoint him counsel to further assist him in this matter.

The Clerk of Court opened the letter as a new civil action brought under Section 2255.

## DISCUSSION

### A.    Designation of Application as Motion Under 28 U.S.C. § 2255

Escribano's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate his conviction. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). If Escribano does not want to pursue relief under Section 2255, he may notify the Court in writing within 60 days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Escribano will have one opportunity within the limitations period (see subdivision "C" below) for a full adjudication of his claims. If Escribano does not inform the Court of his intent within 60 days, the application will remain designated as a motion under 28 U.S.C. § 2255.

### B.    The Court Grants Escribano Leave to File an Amended Section 2255 Motion

Under Rule 2 of the Rules Governing Section 2255 Proceedings, a Section 2255 motion

> must (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

A motion must permit the Court and the respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

Escribano's letter does not conform to the requirements of Rule 2 because it is unclear whether he raises all his grounds in the letter. He also does not sign the letter under the penalty of perjury. The Court therefore grants Escribano 60 days from the date of this order to file an amended motion that complies with Rule 2.

### C.    Timeliness

In addition, Escribano's Section 2255 motion appears time-barred. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Escribano's conviction became final on or around January 31, 2019, at the expiration of the 90-day period to file a petition for a writ of *certiorari* with the Supreme Court. *See* Sup. Ct. R. 13.1. If the Court accepts the date on the letter, April 3, 2022, as the filing date pursuant to Rule 3 of the Rules Governing Section 2255 Proceedings,[1] Escribano's motion was filed more than three years and two months after his conviction became final.

The Court understands Escribano's reference to "new rulings" in which the Supreme Court "found that a Hobbs Act Robbery Conspiracy is not a crime of violence" to be a reference to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Supreme Court decided *Davis* on June 24, 2019. Under Section 2255(f)(3) (relating to rights newly recognized by the Supreme Court), Escribano had one year from the date of that decision, that is until June 24, 2020, to file a timely Section 2255 motion.

The doctrine of equitable tolling may be applied under certain circumstances to extend the limitations period for filing an action under Section 2255. "[E]quitable tolling pauses the

---

[1] Rule 3(d) of the Rules Governing Section 2255 Proceedings states that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."

running of. . . a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). It "applies only in rare and exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (cleaned up). A litigant must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the [movant], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* at 134. Because it is unclear at this stage whether equitable tolling should apply in this case, the Court directs Escribano to state facts in his amended motion, showing why the Court should toll the limitation period.

### D. Request for the Court to Appoint Counsel

Escribano has moved for appointment of counsel. (*See* ECF 1.) There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act (CJA) provides:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B).

In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, 10 Civ. 199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate

and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the application for counsel is denied without prejudice. Escribano may reapply for appointment of counsel at a later date after the Court has had more of the relevant facts and legal issues presented to it for its consideration.

## CONCLUSION

Escribano's letter is construed as a motion under 28 U.S.C. § 2255. Within 60 days of the date of this order, Escribano must either notify the Court in writing if he wishes to withdraw the motion, or, if Escribano chooses not to withdraw his motion, file an amended motion under 28 U.S.C. § 2255 containing the information specified above. The amended motion must be submitted to this Court's Pro Se Office within 60 days of the date of this order, be captioned as an "Amended Motion" and bear the same docket numbers as this order. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order, which Escribano should complete as specified above. Once submitted, the amended motion will be reviewed for substantive sufficiency. If Escribano fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

The Court denies Escribano's application for counsel without prejudice to renewal at a later date.

Because Escribano has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to update the docket sheet of this civil action to reflect that Mr. Escribano's BOP registration number in his mailing address is "77**5**38-054" rather than "77**2**38-054."

Chambers will mail a copy of this Order and an Amended Motion Under 28 U.S.C. § 2255 form to Mr. Escribano.

SO ORDERED.

Dated:   April 18, 2022
New York, New York

_____
/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy mailed to:

Zaie Escribano
Reg. No. 77538-054
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

<u>**AMENDED**</u>

Page 1

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   > Clerk, United States District Court for <u>Southern District of New York</u>
   > Daniel Patrick Moynihan US Courhouse 500 Pearl Steet
   > New York, New York 10007-1312

9. <u>CAUTION:</u> **You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

**AMENDED**                                                                                     Page 2

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement: | Prisoner No.: |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    _____

    _____

    _____

    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____

    _____

    (b) Date of sentencing: _____

3.  Length of sentence: _____

4.  Nature of crime (all counts): _____

    _____

    _____

    _____

    _____

    _____

    _____

5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❏             (2)   Guilty ❏             (3)   Nolo contendere (no contest) ❏

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count

    or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    _____

    _____

    _____

    _____

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❏        Judge only ❏

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ❑       No ❑

8.  Did you appeal from the judgment of conviction?   Yes ❑       No ❑

9.  If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ❑

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

       Yes ❑    No ❑

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _____

     (2) Docket or case number (if you know): _____

     (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1) First petition:      Yes ❑  No ❑

(2) Second petition:   Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

  Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):_____

    _____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____
_____
_____
_____
_____

**GROUND FOUR:** _____
_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ❏ No ❏

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❏ No ❏

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❏   No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:

 A one-year period of limitation shall apply to a motion under this section.  The limitation period
 shall run from the latest of —
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in
  violation of the Constitution or laws of the United States is removed, if the movant was
  prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if
  that right has been newly recognized by the Supreme Court and made retroactively
  applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been
  discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

_____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *
